**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Bridgett Martin, individually and as parent and natural guardian of B.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>United Parcel Service Inc.,<br><br>Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff Bridgett Martin ("Plaintiff") by and through her undersigned attorney, complains of Defendant and alleges as follows. All sections of allegations below are incorporated into one another as if restated therein.

## PARTIES, VENUE AND JURISDICTION

1. This is a civil action for damages arising out of a motor vehicle collision that occurred in Pickens County, South Carolina, on December 22, 2025.

2. Plaintiff Bridgett Martin is a citizen of and is domiciled in South Carolina.

3. Plaintiff Bridgett Martin is the mother and natural guardian of B.M., a minor under the age of 18.

4. Defendant United Parcel Service Inc. ("Defendant") is a corporation headquartered in Atlanta, Georgia and incorporated in Delaware.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and

omissions giving rise to Plaintiff's claims occurred in Pickens County, South Carolina, within the Anderson Division of this Court.

## FACTUAL ALLEGATIONS

7. On December 22, 2025, Plaintiff was a member of the public driving a motor vehicle on Main Street in Pickens County, South Carolina.

8. Plaintiff's daughter, B.M., was also in the vehicle with Plaintiff.

9. At that same time and place, Defendant's agent or employee Terry Fisher was operating a commercial motor vehicle in Pickens County, South Carolina under Defendant's USDOT motor carrier operating authority.

10. As Plaintiff was stopped at a red light, Terry Fisher failed to slow or stop sufficiently to avoid colliding with the back of Plaintiff's vehicle, causing the Crash.

11. Due to the Crash caused by Defendant's employee or agent Terry Fisher, Plaintiff and B.M. suffered bodily injury and received medical treatment.

12. At the time of the Crash, Defendant was a for-hire motor carrier operating a commercial motor vehicle, a Class 6 vehicle, while transporting property in interstate commerce.

13. Defendant's drivers have been involved in at least 2229 DOT reportable collisions and have received at least 6,217 violations in the 24 months preceding this complaint.

14. Defendant's drivers have received at least 201 driver fitness violations and 878 driver hours of service violations in the 24 months preceding this complaint.

15. Neither Plaintiff nor B.M. were employees of Defendant at the time of the Crash.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Negligence *per se,* Gross Negligence by Defendant's agent or employee)

16. Plaintiff adopts, re-alleges and re-incorporates the preceding paragraphs as if fully repeated verbatim here.

17. Defendant's driver Terry Fisher owed Plaintiff and her daughter statutory duties to operate his vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

18. Defendant's driver Terry Fisher breached his duty to use due care in operating his vehicle and was negligent, negligent per se, grossly negligent, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

a. Failing to obey traffic signs and signals;

b. Failing to yield to Plaintiff and violating her right of way.

c. Failing to keep a proper lookout;

d. Driving while inattentive and distracted;

e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

f. Acting with conscious disregard for the safety of others, including Plaintiff and her daughter;

g. Acting in violation of applicable state and federal statutes and regulations; and

h. Other and further acts and omissions as discovery may reveal and the evidence at trial may show.

19. All the above-referenced acts and omissions, or both, were the actual, direct, and proximate cause of Plaintiff and her daughter's damages and injuries claimed herein.

20. At the time of the subject collision, Terry Fisher was operating a truck in the scope and course of his employment with Defendant.

21. Defendant is vicariously liable for all acts and omissions of Terry Fisher pursuant to the doctrines of agency, apparent agency, and *respondeat superior*.

22.     As a direct and proximate result of the acts and omissions of Terry Fisher, Plaintiff and her daughter suffered physical injuries which have caused, and in the future will cause, Plaintiff and her daughter to suffer one or more of the following elements of damage:

    a.   Physical pain and suffering;

    b.   Loss of Plaintiff and her daughter's enjoyment of life;

    c.   Loss of wages and/or loss of earning capacity;

    d.   Substantial expenses for past and future medical services;

    e.   Mental anguish, emotional distress, shock, and fear; and

    f.   Other particulars as evidence may show at trial.

23.     Plaintiff is entitled to an award of all actual, consequential, and incidental damages against Defendant.

24.     Plaintiff is also entitled to an award of punitive damages against Defendant.

25.     Plaintiff is also entitled to an award of prejudgment interest against Defendant.

### FOR SECOND CAUSE OF ACTION
(Negligent Hiring, Entrustment, Training, Retention, and Supervision)

26.     Plaintiff re-alleges and reincorporates the preceding paragraphs as if fully set forth herein verbatim.

27.     Defendant was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Terry Fisher and entrusting him to drive their motor vehicle, in that Defendant knew or should have known that Terry Fisher was too incompetent, unfit, inexperienced, and/or reckless to operate their truck, which created an appreciable risk of harm to the public, including Plaintiff and her daughter.

28.     Defendant was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Terry Fisher, in that Defendant permitted Terry

Fisher, who was within its employ and control, to operate their truck with knowledge that Terry Fisher posed a danger to the public, including Plaintiff and her daughter, in operating the vehicle.

29.     Defendant's acts and/or omissions in hiring, training, retaining, and supervising Terry Fisher, and in entrusting him with their truck, were the direct and proximate cause of the collision, as well as Plaintiff and her daughter's resulting damages.

30.     As a direct and proximate result of the acts and omissions of Defendant, Plaintiff and her daughter have suffered and will continue to suffer damages described herein.

31.     Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant.

32.     Plaintiff is also entitled to an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiff prays that the court enter judgment against Defendant for the Plaintiff and her daughter's actual and punitive damages in an amount to be determined by the jury, for the reasonable costs of this action, and for such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury in this case

MORGAN & MORGAN P.A.

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
Fed. ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5438
Cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

July 23, 2026
Charleston, South Carolina