**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Case Number: 8:26-cv-03018-BHH**

| | |
|---|---|
| Bridgett Martin, Individually and as Parent and Natural Guardian of B.M., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>United Parcel Services, Inc.,<br><br>Defendant. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

The Defendant, above-named, answering the Complaint of the Plaintiff herein, would respectfully show unto this Honorable Court that:

**FOR A FIRST DEFENSE**

1. It admits the allegations contained in Paragraph 1 of the Complaint.

2. It admits upon information and belief the allegations contained in Paragraph 2 of the Complaint.

3. It admits upon information and belief the allegations contained in Paragraph 3 of the Complaint.

4. It admits the allegations contained in Paragraph 4 of the Complaint.

5. It admits upon information and belief the alelgations contained in Paragraph 5 of the Complaint.

6. It admits upon information and belief the allegations contained in Paragraph 6 of the Complaint.

7. It admits the allegations contained in Paragraph 7 of the Complaint.

8. It admits upon information and belief the allegations contained in Paragraph 8 of

the Complaint.

9. It admits only so much of the allegations contained in Paragraph 9 of the Complaint as can be construed to allege that the Defendant's employee, Terry Fisher, while operating a commercial motor vehicle in Pickens County, South Carolina an accident occurred between a vehicle being operated by Mr. Fisher and a vehicle being operated by the Plaintiff Bridgett Martin. It denies the remaining allegations contained in said paragraph inconsistent with or in addition to the above admission.

10. It admits only so much of the allegations contained in Paragraph 10 of the Complaint as can be construed to allege that the Plaintiff and this Defendant's employee, Terry Fisher, was stopped at a red light. The light turned green at which time the Plaintiff did not move her vehicle forward resulting the UPS vehicle hitting the rear of the Plaintiff's vehicle. It denies the remaining allegations contained in said paragraph inconsistent with or in addition to the above admission.

11. It denies the allegations contained in Paragraph 11 of the Complaint.

12. It denies the allegations contained in Paragraph 12 of the Complaint.

13. It denies the allegations contained in Paragraph 13 of the Complaint.

14. It denies the allegations contained in Paragraph 14 of the Complaint.

15. It admits the allegations contained in Paragraph 15 of the Complaint.

16. It realleges and reaffirms each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

17. It admits only so much of the allegations contained in Paragraph 17 of the Complaint as can be construed to allege that both drivers had a duty to maintain their vehicles in a safe and reasonable manner pursuant to South Carolina statutory common law. It denies the

remaining allegations contained in said paragraph inconsistent with or in addition to the above admission.

18. It admits only so much of the allegations contained in Paragraph 18 of the Complaint as can be construed to allege that a vehicle being driven by Terry Fisher ran into the rear of a vehicle being driven by the Plaintiff Bridgett Martin following the traffic light turning green and the Plaintiff remaining stopped in the roadway. It denies the remaining allegations contained in said paragraph inconsistent with or in addition to the above admission.

19. It denies the allegations contained in Paragraph 19 of the Complaint.

20. It admits the allegations contained in Paragraph 20 of the Complaint.

21. It admits upon information and belief the allegations contained in Paragraph 21 of the Complaint.

22. It denies the allegations contained in Paragraph 22 of the Complaint including all sub-parts.

23. It denies the allegations contained in Paragraph 23 of the Complaint.

24. It denies the allegations contained in Paragraph 24 of the Complaint.

25. It denies the allegations contained in Paragraph 25 of the Complaint.

26. It realleges and reaffirms each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

27. It denies the allegations contained in Paragraph 27 of the Complaint.

28. It denies the allegations contained in Paragraph 28 of the Complaint.

29. It denies the allegations contained in Paragraph 29 of the Complaint.

30. It denies the allegations contained in Paragraph 30 of the Complaint.

31. It denies the allegations contained in Paragraph 31 of the Complaint.

32. It denies the allegations contained in Paragraph 32 of the Complaint.

33. It denies each and every allegation set forth in the Complaint not specifically admitted.

**FOR A SECOND DEFENSE**

34. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

35. The Defendant alleges that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff which exceeds the negligence and/or willfulness, if any, on the part of the Defendant, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiff is totally barred from recovery.

**FOR A THIRD DEFENSE**

36. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

37. Alternatively, the Defendant alleges that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of the Defendant, and for that reason the recovery of the Plaintiff, if any, shall be reduced in proportion to the amount of her own negligence.

**FOR A FOURTH DEFENSE**

38. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

39. To the extent that punitive damages, as to the Defendant, are submitted to the jury, the Defendant pleads the statutory limitations and caps as set forth in SC Code § 15-32-530 (2013).

**FOR A FIFTH DEFENSE**

40. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

41. The Defendant would allege that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further be a violation of the due process and equal protection causes of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution, as well as the applicable corresponding sections of the Constitution of the State of South Carolina, Article 1, Section 3.

WHEREFORE, the Defendant above-named, having answered the Complaint of the Plaintiff herein, respectfully requests the Court to dismiss the Plaintiff's Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*s/Wilson S. Sheldon*

Wilson S. Sheldon (Fed I.D. 05464)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC 29607
Telephone: (864) 672-3712
Facsimile: (864) 373-7055
Email: wssheldon@wjcblaw.com
**ATTORNEY FOR DEFENDANT**

October 22, 2026